## K. B. BIRKELAND v. OLOF L. BRUCE AND ANOTHER.[1]

December 4, 1925.

Nos. 24,792, 24,793.

**When no supersedeas bond has been given on appeal from judgment for costs, judgment enforceable at once.**

When a judgment for costs has been entered in favor of a defendant, and on appeal no supersedeas bond has been given, the defendant is entitled to enforce the judgment at once, and the sureties who signed a bond for the costs in order to permit the plaintiff, a foreign corporation, to sue in this state, have no defense to that bond by pleading as a counterclaim the cause of action alleged by the corporation in the action in which the cost bond was given, and in which such cause of action was adjudged not to exist.

See Costs, 15 C. J. p. 231, § 569 (Anno).

[1]Reported in 206 N. W. 384.

Two actions in the district court for Hennepin county, one to recover upon a bond and the other on an undertaking. Defendants appealed from an order striking out their amended answers, Molyneaux, J. Affirmed.

*H. E. Fryberger* and *Olof L. Bruce,* for appellants.

*Grimes & Maxwell,* for respondent.

PER CURIAM.

This appeal involves the propriety of orders striking out as sham and frivolous the answers in two suits, the one upon an undertaking and the other upon a bond, executed by the defendants in the suits, to pay all disbursements and costs that might be adjudged against the Northern Oil & Gas Company, a foreign corporation, in an action by it begun in the district court of Hennepin county against the plaintiffs herein for the recovery of money. The undertaking is for $75 and the bond for $175. Both were executed pursuant to G. S. 1923, §§ 9488, 9489.

It appears that in the action of the Northern Oil & Gas Company against the plaintiffs herein a judgment for costs in the sum of $510.77 was rendered July 1, 1924 (later reduced to $419.24) which is wholly unpaid; that on December 30, 1924, an appeal was taken to this court, which appeal is still pending; that no supersedeas bond or undertaking was ever given or filed, but only an undertaking on appeal for costs, filed January 6, 1925.

The stricken answers attempted a defense on the ground that after the Northern Oil & Gas Company began its suit, and on October 27, 1921, said corporation was dissolved by a decree of a court of competent jurisdiction of its domicile, and thereby the makers of the bond and undertaking were released. It needs no argument to convince any lawyer that this defense is frivolous. The other defense is in the nature of a counterclaim, stating that, before the rendition of the judgment for costs against the Northern Oil & Gas Company, it assigned the cause of action involved in the suit to the defendants in these actions on the undertaking and bond and their associates, that said cause of action is far larger in amount than the

sum total of the undertaking and bond in these suits. We regard this counterclaim also frivolous.

The plaintiffs herein could be prevented from immediately collecting and enforcing from the Northern Oil & Gas Company their judgment for costs only by its giving a supersedeas bond. It was not given. Defendants in this appeal can assert no other defense or counterclaim than could the company to an immediate enforcement of its obligation to pay the judgment for costs. In the absence of a supersedeas the alleged anticipated recovery in the action of Northern Oil & Gas Company is not available as a defense against the judgment already entered therein against the company and in favor of the respondents herein. Moreover, courts should not assume that the Northern Oil & Gas Company ever had a cause of action against the defendants in that suit so long as a valid judgment is in existence decreeing the contrary.

Orders affirmed.